Opinion by
White, P. J.
§ 767. Negotiable and non-negotiable instruments; liability of persons not parties thereto; rules as to. This case was before this court on a former appeal, and was reversed and remanded, and in the report of the case then made the facts are sufficiently stated for the purposes of this report, except that the note sued upon contained the following condition: “With the privilege of making payment on account until maturity.” Appellees recovered judgment against appellants for the amount of the note, interest and costs. Held: It is a general rule that no party can be charged as principal upon a negotiable instrument unless his name is thereon disclosed. And the rule is further well established that, “in suits *673 upon negotiable instruments, no evidence is admissible to charge any person as a principal party thereto, unless his name in some way is disclosed upon the instrument itself; although upon other written contracts, not negotiable, it is often competent to show that, although signed in the name of the agent only, they were executed in the business of the principal, and with the intent that he should be bound. And in such cases he is bound upon them accordingly. The rule excluding parol evidence to charge an unnamed principal as a party to negotiable paper is derived from the nature of such paper, which, being made for the purpose of being transferred from hand to hand, and of giving to every successive holder as strong a claim upon the original party as the payee himself has, must indicate on its face who is bound for its payment; for any additional liability not expressed in the paper would not be negotiable.” [1 Danl. Neg. Inst. § 303.] It is clear that, if the note is a negotiable instrument, appellants are not bound upon the same, because their names do not appear thereon. Richardson alone would be bound. Although he signed his name as “agent,” such suffix to his name would be regarded as mere descriptio personae or ear-mark of the transaction, and might be rejected as surplusage.
§ 7 68. Non-negotiable note; instance of. On the face of the note the privilege is reserved of “making payment on account until maturity.” According to the doctrine held in this state, this reservation destroys its negotiability. It is a perfect money demand without this addition. [Texas Land & Cattle Co. v. Carroll & Iler, 5 Tex. Law Rev. 46.] It being, therefore, non-negotiable, appellants could be held liable upon it, though not parties upon the face of it.
§ 769. Legal owner of note may sue upon it; guardian is legal owner. The note belonged jointly to M. Edwards, appellee, and to a minor of whose estate she was guardian. She brought this suit in her own name and right. Held: She is the legal owner and holder of the *674 note, and can maintain the suit as such. The minor is not a necessary party to the suit. A recovery by the guardian is binding upon the ward, and payment of the judgment to her will be full satisfaction of the debt. The guardian would be responsible to the ward for the money thus collected. [Portis v. Cummings, 21 Tex. 265.]
June 20, 1885.
Affirmed.